CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 16 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

JULIE WRIGHT, )
) Civil Action No. 5:06CV00043
Plaintiff, )
)
v. ) **MEMORANDUM OPINION**
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, ) By: Honorable Glen E. Conrad
) United States District Judge
Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Julie A. Wright, was born on February 26, 1969, and eventually received her high school degree in a special education program. Mrs. Wright has been employed as a nursing assistant, materials handler, stock clerk, cashier, food preparation worker, and warehouse supply mover. Apparently, she last worked on a regular and sustained basis in 2004. On April 19, 2004, Mrs. Wright filed an application for a period of disability and disability insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment on March 1, 2004 due to emotional

problems. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Mrs. Wright met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. §423.

Plaintiff's claim was denied upon initial consideration and reconsideration. She then requested and received a *de novo* hearing and review before an Administrative Law Judge. In an opinion dated March 31, 2006, the Law Judge also ruled that Mrs. Wright is not disabled. The Law Judge found that plaintiff suffers from depression on the basis of a bipolar disorder. Because of this condition, the Law Judge held that Mrs. Wright is disabled for her past relevant work activities. However, the Law Judge determined that plaintiff retains sufficient functional capacity for certain lighter, unskilled work roles which accommodate plaintiff's nonexertional limitations. The Law Judge summarized Mrs. Wright's nonexertional restrictions as follows:

> The mental residual functional capacity assessment determined by the State Agency consultants identifies the claimant with moderate limitation in the ability to understand, remember, and carry out detailed instructions; to maintain extended attention and concentration; to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerance; to work without distraction from others; to accept instructions with appropriate response to supervisors; and to complete a normal work day and week without interruptions due to psychologically based symptoms (Exhibit 5F). The Administrative Law Judge also concurs with the foregoing assessment. (TR 16).

Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony of a vocational expert, the Law Judge found that Mrs. Wright retains sufficient functional capacity for several specific light, unskilled work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See, gen., 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the

2

Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Wright has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Wright suffers from depression. Reports from several of plaintiff's family doctors indicate that her depression is severe and debilitating. However, the Administrative Law Judge relied on a psychological report prepared by Dr. Nadia Webb on September 18, 2004. Dr. Webb concluded that Mrs. Wright's bipolar disorder is controlled with medication, and that she is able to function well when she takes her medication. Based on Dr. Webb's psychological assessment, a State Disability Agency psychologist produced a mental functional capacity assessment which indicates residual functional ability for light, unskilled forms of work which do not require discharge of complex or detailed instructions. There is also notation of moderate limitation in plaintiff's capacity to maintain attention/concentration, and to do work within a regular schedule without special supervision.

Case 5:06-cv-00043-GEC   Document 14   Filed 01/16/07   Page 3 of 5   Pageid#: 41

The Administrative Law Judge relied on the psychological report from Dr. Webb, and the functional assessment completed by the State Agency psychologist, in denying plaintiff's claim. The court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Dr. Webb is a mental health specialist. She conducted a detailed clinical evaluation. Dr. Webb also considered the reports from plaintiff's treating physicians. Dr. Webb administered psychological tests in evaluating Mrs. Wright's condition. The court must conclude that the Law Judge might reasonably rely on Dr. Webb's report in assessing Mrs. Wright's residual functional capacity. See 20 C.F.R. § 404.1527(d)(5). It follows that the Commissioner's final decision denying plaintiff's entitlement to a period of disability and disability insurance benefits is supported by substantial evidence.

On appeal to this court, plaintiff argues Dr. Webb's report is entitled to less weight than those of plaintiff's medical doctors. In support of this assertion, plaintiff maintains that the clinical interview cited by Dr. Webb was actually completed by one of Dr. Webb's students at James Madison University. According to plaintiff's brief, Dr. Webb did not conduct a consultative examination.

In appropriate situations, the allegations raised by plaintiff can result in a remand of social security cases for further consideration. See, e.g., Adams v. Heckler, 566 F.Supp. 1047 (W.D. Va. 1983). However, in the instant case, plaintiff has submitted no evidence in support of her contention that Dr. Webb fraudulently misrepresented herself as the individual who conducted the psychological evaluation. Plaintiff has not attempted to obtain any statements from Dr. Webb concerning the examination, and plaintiff has conducted no discovery as to Dr. Webb's participation in this or other social security cases. Indeed, plaintiff has not submitted even her own affidavit in support of her contentions. In such circumstances, the court is unable to conclude that Mrs. Wright has presented an adequate basis upon which the court might discount Dr. Webb's report in its substantial evidence review.

4

Mrs. Wright's recourse is to file a new application, and to properly document any alleged deficiencies in the consultative evaluation process.

In affirming the final decision of the Commissioner, the court does not suggest that Mrs. Wright does not suffer from depression, stress, and anxiety. Indeed, the medical record confirms that plaintiff experiences a bipolar disorder which can cause significant problems, especially when she is not properly medicated. However, the same doctors who have diagnosed this problem have also noted that Mrs. Wright can obtain relief with proper medication, and that much of her depression is situational in origin. In this context, the court notes that Mrs. Wright experienced these same problems during much of the period in which she was productively employed. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 14th day of January, 2007.

_____
United States District Judge